495 P.2d 821

**R. W. FRANK AND COMPANY, a corporation, and United States Fidelity and Guaranty Company, a corporation, Plaintiffs,**

v.

**The INDUSTRIAL COMMISSION of Utah and Jimmie J. Arkoudas, Defendants.**

No. 12624.

Supreme Court of Utah.

March 31, 1972.

Earl J. Groth, Salt Lake City, for plaintiffs.

R. Mont McDowell and Robert B. Goicoechea, of Roe, Fowler, Jerman & Dart, Salt Lake City, for defendants.

HENRIOD, Justice.

Review of a Commission award. Reversed, with instructions to vacate it and dismiss the applicant's petition, on the ground that under the provisions of Title 35–1–99, Utah Code Annotated 1953, his filing was too late. Ergo, the second point on appeal having to do with insufficiency of the evidence to support an award is moot and need not be canvassed here. No costs awarded.

Applicant worked for Frank over a 20-year period. The last 15 years thereof he had continuing back problems, known to him and his employer. At its inception he had applied for, but had been denied, compensation by the Commission. He claimed

that on or about January 14, 1968, he had an accident resulting in an injury by lifting cans of paint. On January 17, 1968, without Frank's knowledge, he says, he visited Dr. X. He did not mention to X anything about any accident or injury. Dr. X said Arkoudas had a "degenerated cervical disc," recommending five days' bed rest. Arkoudas rested and went back to work, losing only three days. He told his supervisor of the doctor's recommendation—that's all. A month later, on February 7, 1968, Arkoudas saw X again and reportedly he was "markedly improved," after which he continued to work for Frank without incident. His job was terminated about nine months later, on September 25, 1968.

About one year later he saw Dr. M who advised him that a chest pain complaint emanated from his back. Three weeks later he visited a Dr. L, Dr. X's partner, with respect to his back ailment, at which time he did not advise the former of any specific injury to which his trouble could be attributed, and medically he was reported as having "a long term problem of wearing out of a disc rather than something which is the result of a specific injury."

After the termination, but before the events related in the next preceding paragraph, Arkoudas, on March 4, 1969, in his own handwriting, had filed a claim,—*not with the Industrial Commission,*—but with Aetna Life & Casualty Company for *sick* benefits under a group accident and health policy covering *nonoccupational* claims, reporting "back trouble," answering "No" to a question "Is this claim based on accident?" He answered "No" again on an application dated April 22, 1968. Based on these statements, which Arkoudas now says were false, he received about $3,500 from Aetna. Thereafter, he contacted plaintiff, U. S. F. & G. claiming right to workmen's compensation, and was turned away after investigation. On April 13, 1970, two and one-fourth years after the claimed injury, he filed an application for benefits with the Commission.

At the hearing before the referee, Arkoudas said he knew he was duty bound to report an accident to his employer. He assigned no reason for his failure to do so, except to say he knew the Commission would do nothing about it, that in certain cases it is necessary to lie in filing claims, and that he filed a claim with Aetna simply to be compensated by someone on any basis, with the inexorable plea of exculpation because of a fraud indulged.

It is quite obvious that, knowing full well the necessity of filing a detailed claim with the Commission, he chose to falsify on a form filed with an insurance company, to conceal the facts,—claiming prevarication as his accomplice.

This court cannot be called upon to sanction and dignify the procedure pursued, as the applicant would have us do, under the guise of an elastic liberality in the inter-

pretation of clear-cut procedural statutes. This court would be remiss in sanctioning the applicant's duplicitous conception of the law. The claim filed under the statute here cannot hold water, save to inundate the applicant in the unholy water of deception. His filing was not only subsequent to his flight from fact, but also to the statute he espouses, which bars his claim,—and we so conclude.

CALLISTER, C. J., and TUCKETT and ELLETT, JJ., concur.

CROCKETT, J., concurs in the result.